

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2002

# USA v. Victoria

Precedential or Non-Precedential:

Docket 0-2266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Victoria" (2002). *2002 Decisions.* Paper 115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-2266
_____


UNITED STATES OF AMERICA

v.

NAZARETH VICTORIA,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 00-cr-00004-1
(Honorable Donald E. Ziegler)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2002

Before:  SCIRICA and ROSENN, Circuit Judges, and KANE, District Judge*

(Filed February 11, 2002)




     *The Honorable Yvette Kane, United States District Judge for the Middle District of
Pennsylvania, sitting by designation.
                    _____

                    MEMORANDUM OPINION
                    _____


SCIRICA, Circuit Judge.

     This is an appeal from a judgment of conviction and sentence in the United States
District Court for the Western District of Pennsylvania.  After a jury trial, Nazareth

Victoria was convicted of one count of conspiracy to distribute and possess with intent to distribute in excess of fifty kilograms of marijuana, in violation of 21 U.S.C.A. 846. On appeal, Victoria contends the District Court erred in failing to grant an aberrant behavior departure under U.S.S.G. 5K2.20. Victoria also argues the District Court erred in determining he did not have standing to seek suppression of certain evidence used against him at trial. We will affirm.

I

Nazareth Victoria was convicted on April 10, 2000. The Presentence Investigation Report determined Victoria's criminal history category was one and his offense level was twenty-two. As a result, the guideline imprisonment range was forty-one to fifty-one months. Victoria raised the issue of an aberrant behavior departure in his response to the presentence report. The District Court refused to depart downward based on aberrant behavior. On July 21, 2000, the Court sentenced Victoria to 41 months' incarceration.

Victoria contends this matter should be remanded for resentencing so the District Court can consider "aberrant behavior" under U.S.S.G. 5K2.20, which went into effect on November 1, 2000. When the District Court sentenced Victoria on July 21, 2000, it considered the issue of aberrant behavior before denying his request for a downward sentencing departure. But the District Court did not consider whether Victoria's actions constituted "aberrant behavior" under 5K2.20 of the Sentencing Guidelines because that section had not yet taken effect.

We have held that " 5K2.20 was a substantive change to the Sentencing Guidelines and cannot be applied retroactively." United States. v. Spinello, 265 F.3d 150, 162 (3d Cir. 2001). As a result, 5K2.20 is inapplicable here and Victoria's argument is meritless. For this reason, we will affirm the judgment of sentence.

II

Victoria contends the District Court erred in finding he lacked standing to seek suppression of certain evidence used against him at trial. "Standing to challenge a search requires that the individual challenging the search have a reasonable expectation of privacy in the property searched, and that he manifest a subjective expectation of privacy

in the property searched."  United States v. Baker, 221 F.3d 438, 441 (3d Cir. 2000)
(citations omitted).  It is clear that Victoria, who was neither the renter, passenger or
driver, did not have a reasonable expectation of privacy in the vehicle. See Baker, 221
F.3d at 442 (citing  Rakas v. Illinois, 439 U.S. 128, 143 (1978), for the proposition that
"there is no legitimacy to a defendant's expectations of privacy where the area searched is
in the control of a third party").

Victoria's alleged expectation of privacy is based on a phone call to the rental car
company, his loading of several cases of wine into the vehicle, and his loading of three
duffel bags containing 165 pounds of marijuana into the vehicle.  Victoria did not execute
a contract with the rental car company; he did not operate or control the vehicle at any
time; he was not a passenger in the vehicle; and he claimed no property interest in the
vehicle or the duffel bags of marijuana.  Based on the circumstances of this case, Victoria
had no legitimate and reasonable expectation of privacy in the car or its contents.  Rakas,
439 U.S. at 133–34 :

> Fourth Amendment rights are personal rights which, like some other constitutional
> rights, may not be vicariously asserted.  A person who is aggrieved by an illegal
> search and seizure only through the introduction of damaging evidence secured by
> a search of a third person's premises or property has not had any of his Fourth
> Amendment rights infringed. (quotations and citations omitted).

As a result, the District Court correctly concluded that Victoria lacked standing to
challenge the search and seizure of evidence from the vehicle.

III

We will affirm the judgment of conviction and sentence.

TO THE CLERK:

Please file the foregoing opinion.


/s/ Anthony J. Scirica
                                    Circuit Judge